UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. No. 99-65ML |
| | ) | |
| FRANCISCO GONZALEZ REYES, a/k/a | ) | |
| EDWIN REYES | ) | |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR WAIVER OF FINE**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and hereby responds to Petitioner's Motion for Waiver of Fine.

On June 16, 1999, a two count indictment was returned against Edwin Reyes for the distribution of heroin. The Defendant was arrested on these charges on June 21, 1999. On June 22, 1999, the Defendant was arraigned on these charges and entered a plea of not guilty. Over the government's objection, the magistrate judge set bail at $10,000. A condition of Defendant's bail was electronic monitoring in the form of an ankle bracelet and a requirement that the Defendant return home at the end of each work day. On August 25, 1999, Defendant signed a plea agreement with the government. The Court scheduled a change of plea hearing for September 2, 1999. On August 25, 1999, Defendant failed to return home after work and also failed to appear at work the following day as scheduled. The United States Probation Department determined that the Defendant's ankle bracelet had been removed from his ankle. A warrant for unlawful flight to avoid prosecution (UFAP) was issued for his arrest. The Defendant also failed to appear at the change of plea hearing scheduled for September 2, 1999. On October 1, 1999, the Defendant was apprehended

in New York City by the United States Marshals service pursuant to the UFAP warrant.

On November 17, 1999, a bail revocation hearing was held and the magistrate judge found the Defendant in violation of the conditions of his pretrial release. The magistrate judge revoked the Defendant's bail and the Defendant was detained. On February 18, 2000, Defendant was sentenced to50 months imprisonment as to counts 1 and 2 to be served concurrently with each other, 3 years supervised release and upon completion of his sentence, to surrender to surrender for deportation proceedings. As a further condition of his supervised release Defendant is required to pay one thousand one hundred nineteen dollars and fourteen cents ($1,119.40) in restitution for destroying the electronic ankle monitoring device. The fine is to be paid in quarterly installments through the Defendant's participation in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program. On October 9, 2007, Defendant filed a Motion for Waiver of Fine. On October 12, 2007, this Court entered an order directing the government to respond on or before October 26, 2007.

## ARGUMENT

### A. THE COURT HAS NO AUTHORITY TO GRANT THIS MOTION.

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Court has the authority to correct or reduce a sentence only when (a) correcting clear error or (b) reducing a sentence for substantial assistance. Fed.R.Cr.Proc. 35. When the correction or reduction is done to correct an error, it must be done within 7 days of sentencing. Id. When a sentence is reduced for substantial assistance, it is done upon motion of the government within one year of sentencing or upon later motion by the government for good reason. Id.

"A lawful sentence, lawfully imposed, becomes final when judgment is entered; and Fed.R.Crim.P. 35 was deliberately amended to restrict the opportunity for a district judge to revisit

thereafter a lawful sentence lawfully imposed." United States v. Aqua-Leisure Industries, Inc., 150 F.3d 95, 96 (1st Cir. 1998) (citations omitted). As stated in Aqua-Leisure Industries, Inc., "[t]he occasions on which such a sentence may be later reduced are narrowly defined and irrelevant here." Id.

In the instant matter, Defendant's judgment was entered in March, 2000, over seven years ago. At the time judgment was entered, the fine, which ranged between $7,500.00 and $2,000,000.00 was waived because of Defendant's inability to pay. Defendant has not provided any assistance to the government and has provided no proof of error in sentencing. The only amount of restitution that Defendant is liable for is for the ankle detection device that he destroyed when he violated the conditions of his pre-trial release.

Based on the foregoing, the United States respectfully requests that the Court deny Defendant's Motion for Waiver of Fine.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 24th day of October, 2007, I caused the Government's Response To Defendant's Motion for Waiver of Fine to be filed electronically and it is available for viewing and downloading from the ECF system. This Response was also mailed, postage prepaid and addressed to:

Francisco Gonzalez Reyes
BOP No. 04740-070
Moshannon Valley Correctional Center
555 I Cornell Drive
Philisburg, PA 16866

/s/MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov